BRIGGS *v.* PORTER *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

PARTIES—BY SUBSTITUTION—AUTHORITY OF ATTORNEY—SETTING ASIDE ORDER.

When the papers in a case show that the attorneys for the plaintiffs acted in the matter as attorneys for plaintiffs' assignee, and had done so in other proceedings in which he was interested, and the assignee was present, and knew what took place at the trial, a motion to set aside an order substituting the assignee as plaintiff in order to relieve him from the judgment in the case is properly denied.

Appeal from special term, New York county.

Thomas J. Pope *et al.*, plaintiffs, sued George A. Porter *et al.* On motion, Samuel Briggs, assignee, was substituted as plaintiff. A motion on petition of the assignee to set aside the order of substitution was denied, and an appeal taken.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Thos. Darlington,* for appellant. *Tracy, McLellan & Ayling,* for respondents.

VAN BRUNT, P. J. Upon an examination of the papers upon which this motion is founded, and the answering affidavits, it seems to be clear that no error was made by the court below in denying the motion. There is to be found ample evidence in the papers, consisting of conceded facts, to show that the parties acting as attorneys in these various proceedings both before and on the trial acted as the attorneys of the assignee, and had authority so to do. There seems to be no reasonable doubt but that the assignee was present at the trial, and was aware of what took place upon such trial; and there is no doubt but that the attorneys assumed to act for the assignee upon such trial, and had done so in other proceedings in which the assignee was interested. There seems to be no ground to hold, under the circumstances of this case, that the attorneys acted for the assignee without any authority, and that, therefore, their action was void. The whole tenor of the proceedings is at war with any such conclusion, and no result can be arrived at, upon a consideration of the evidence, except that these attorneys were acting for the assignee, and that the assignee so understood the situation. Under these circumstances, there would be no equity whatever in granting the motion for the purpose of relieving the assignee from the judgment in this case, which was being prosecuted by him for the benefit of the assigned estate, and, as has already been intimated, we think the order appealed from should be affirmed, with $10 costs and disbursements.

BRADY and BARTLETT, JJ., concurring.